IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MATTHEW LEE BURDETTE, :
:
    Plaintiff, :
:
v. : CASE NO. 3:17-CV-159-MSH
: Social Security Appeal
COMMISSIONER OF :
SOCIAL SECURITY, :
:
    Defendant. :

# ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for Supplemental Security income finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's RFC, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Matthew Lee Burdette applied for Supplemental Security Income on November 27, 2013, alleging that he became disabled to work on February 1, 2004. He amended his application to assert disability beginning on the date his application was filed. His claim was denied initially on April 23, 2014, and upon reconsideration on November 7, 2014. Plaintiff timely requested an evidentiary hearing before an ALJ on December 29, 2014, and the hearing was conducted on August 24, 2016. He appeared with his attorney and gave testimony as did an impartial vocational expert ("VE"). Tr. 21. On October 7, 2016 the ALJ issued an unfavorable written decision denying his claim. Tr. 18-36. Plaintiff sought review from the Appeals Council on February 7, 2017, but was denied on September 12, 2017. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his application.

## STATEMENT OF FACTS AND EVIDENCE

When the ALJ rendered his decision on October 7, 2016, Plaintiff was twenty-four years old and classified as a younger individual under the Commissioner's regulations. 20 C.F.R. § 416.963. The ALJ found that he has no past relevant work. Finding 5, Tr. 29; 20 C.F.R. § 416.965. In conducting the five-step sequential analysis used by the Commissioner in evaluating claims for disability, the ALJ found, at step two, that Plaintiff has severe impairments of hidradenitis, gastroparesis, anxiety, depression and asthma. Finding 2, Tr. 23; 20 C.F.R. 416.920(c). At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor

4

medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 3, Tr. 23-24. Between steps three and four, the ALJ formulated an RFC assessment which permits Plaintiff to perform medium work with added postural, exertional, environmental and non-exertional restrictions. Finding 4, Tr. 25-29. Because Plaintiff has no past relevant work, the ALJ proceeded to step five and, after considering the testimony of the VE, found that Plaintiff could work as a linen room attendant, hand packager, or garment sorter and that these jobs are available to him in the national economy. Finding 9, Tr. 29-30. She therefore found Plaintiff to be not disabled to work. Finding 10, Tr. 30.

**DISCUSSION**

**I. Hidradenitis suppurativa analysis**

Plaintiff first contends the ALJ erred as a matter of law in his step-three analysis because he failed to find that Plaintiff meets Listing 8.06's criteria for hidradenitis suppurativa in the Listings of Impairments set forth in the Commissioner's regulations. Pl.'s Br. 7, ECF No. 12. The Listings of Impairments describe, for each major body system, impairments deemed sufficiently serious to prevent a person from engaging in any gainful activity. This is also known as presumptive disability and claimants who meet all the criteria for a listing are considered disabled without any further finding as to their ability to perform past relevant work or any other work. *See Wilson v. Barnhart,* 284 F.3d 1219 (11th Cir. 2002); *Crayton v. Callahan,* 120 F.3d 1217, 1219 (11th Cir. 1997). The Commissioner is required to consider whether a claimant's impairments meet or equal a listed impairment and must consider the impairments individually and in combination with one another. *Todd v. Heckler,* 736 F.2d 641, 642 (11th Cir. 1984). A claimant bears the

5

burden of proving that his impairments meet all the specified medical criteria and merely meeting some of the criteria does not suffice, regardless of severity. *Bell v. Bowen,* 796 F.2d 1350, 1353 (11th Cir. 1986).

Plaintiff did not assert hidradenitis or any other skin or dermatological condition as disabling in his application for benefits. Tr. 195. However, he testified as to hidradenitis at the hearing and his attorney specifically contended that the condition is disabling. Tr. 43, 46-49. The ALJ found hidradenitis suppurativa as a severe impairment at step two. Finding 2, Tr. 23. While Plaintiff correctly notes that the ALJ did not specify Listing 8.06 at step three, she did state that she considered three specific listings and "all other relevant listings." *Id.* Further, she discussed, in detail, Plaintiff's administrative brief which named hidradenitis as a disabling condition and also discussed and analyzed the medical evidence in the record about the impairment. Tr. 25-26, 28. The ALJ noted that Plaintiff's primary care provider made arrangements with Emory Hospital for him to receive free dermatological care, but he declined because the drive from his home to Emory "was very inconvenient as it is an hour drive away" and that his doctor characterized his desire to have his skin condition treated as "questionable[.]" Tr. 703.

The ALJ's written decision shows that she implicitly considered whether Plaintiff's hidradenitis suppurative meets Listing 8.06 and an implicit finding here is sufficient. *See Hutchinson v. Bowen,* 787 F.2d 1461, 1463 (11th Cir. 1986); *Keane ex rel. Parcelles v. Comm'r of Soc. Sec.,* 205 Fed. App'x 748, 750 (11th Cir. 2006). There is not sufficient record evidence to establish that Plaintiff's hidradenitis "very seriously" affected his ability

6

to ambulate during the time under consideration as required by the Section 8.00 listings requirements and Plaintiff's first assertion of error is without any merit.

## II. The ALJ's symptoms evaluation

Plaintiff's second asserted error is that the ALJ committed legal error in her evaluation of Plaintiff's symptoms, including pain. He alleges that his subjective complaints of disabling symptoms are verified by what he characterizes as "severe weight loss" which the ALJ overlooked. Pl.'s Br. 16. In her written decision, the ALJ correctly stated the Eleventh Circuit's pain standard set forth in *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991). Tr. 25. She noted inconsistencies between Plaintiff's testimony and the medical evidence of record, pointing out that in both November 2012 and January 2013, Plaintiff's treating physician described him as in good health and denying abdominal pain, constipation and diarrhea. Tr. 26.

Plaintiff is correct that the ALJ did not address his weight loss but, the one-hundred-pound loss occurred over a full decade and took him from a body mass index ("BMI") approaching morbid obesity to a healthy BMI. The determination of whether a medical condition can reasonably be expected to give rise to the pain allegations made by a claimant is a question of fact. *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir. 1998). Where supported by substantial evidence and explained in a manner which facilitates judicial review, the decision by the Commissioner must be affirmed. The Court cannot decide facts anew or substitute its judgment for that of the Commissioner as it is her function to resolve conflicts in the evidence and assess the credibility of witnesses. *Moore*, 405 F.3d at 1211 (11th Cir. 2005); *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991). The ALJ's credibility

7

findings are well-supported by the medical evidence of record and Plaintiff's second contention of error lacks merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 19th day of September, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE